**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JUAN MANUEL VALENZUELA-SANCHEZ, AKA Miguel Angel Contreras,<br><br>Defendant-Appellant. | No. 15-50136<br><br>D.C. No. 3:14-cr-02120-L-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted September 1, 2016
Pasadena, California

Before: TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

Juan Manuel Valenzuela-Sanchez (Valenzuela) appeals his conviction under

8 U.S.C. § 1326 for illegal reentry. He challenges the admission of the statement he

gave to an Immigration and Customs Enforcement (ICE) agent during a 2011

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

interview because he was not given a *Miranda* warning beforehand. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in admitting Valenzuela's statement at trial. Valenzuela contends that non-Mirandized statements during custodial immigration questioning must be categorically excluded. We disagree. Valenzuela cites no authority generally requiring such warnings; nor can we find any such authority. Furthermore, such a rule would assume that every person detained and questioned by an immigration agent intends to commit an immigration-related crime in the future. This assumption runs counter to the fact-specific inquiry required for determining whether a *Miranda* warning is necessary: whether "under all the circumstances involved in a given case, the questions are 'reasonably likely to elicit an incriminating response from the suspect.'" *United States v. Booth*, 669 F.2d 1231, 1237 (9th Cir. 1981) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)).

Moreover, considering the specific circumstances of Valenzuela's 2011 detention and interview, we conclude that the questions were not reasonably likely to elicit an incriminating response. An ICE agent interviewed Valenzuela in connection with reinstatement of a prior removal order, and Valenzuela was immediately removed to Mexico thereafter. At the time, he was neither targeted in

a criminal investigation of his entry into the United States nor charged with an immigration-related crime. *See United States v. Chen*, 439 F.3d 1037, 1042 (9th Cir. 2006); *United States v. Mata-Abundiz*, 717 F.2d 1277, 1279 (9th Cir. 1983). Therefore, the ICE agent was not required to provide Valenzuela with a *Miranda* warning, and his statement during the 2011 interview was properly admitted.

**AFFIRMED.**